■ In the Matter of JEAN SEVERE, Appellant, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York and Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [33 NYS3d 709]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered January 12, 2015, which denied the petition to annul the determination of respondent Board of Trustees of the Police Pension Fund, Article II, dated March 12, 2014, denying petitioner's application for accident disability retirement (ADR), unanimously affirmed, without costs.

In 2010, petitioner applied for ADR, but was subsequently retired on ordinary disability retirement after respondent Board of Trustees determined that he had, inter alia, cubital syndrome of his left elbow and bilateral carpal tunnel syndrome unrelated to his city service. In connection with petitioner's 2010 ADR application, the Medical Board found no objective substantiation of injury to his left shoulder.

Following the Board of Trustees' determination of petitioner's 2010 application, he applied in 2012 for ADR claiming a line of duty injury to his neck and left shoulder. The Medical Board's determination that the credible evidence before it failed to establish that petitioner sustained a disability due to any injury to his neck or left shoulder was not arbitrary or capricious (see Matter of Cassidy v Ward, 169 AD2d 482 [1st Dept 1991]). We note that the Board of Trustees' denial of petitioner's 2010 application for ADR is not before us on this appeal. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Webber, JJ.